UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE THOMAS                                                    CIVIL ACTION

VERSUS

                                                                23-1541-BAJ-SDJ

SID J. GAUTREAUX, ET AL

ORDER

The *pro se* Plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Sid J. Gautreaux, III, Roderick Brown, Dennis Grimes, and the E.B.R. Parish Prison Mail Department, complaining that his constitutional rights are being violated due to retaliation, interference with his access to the courts, and deliberate indifference to his serious medical needs. Plaintiff's Complaint (R. Doc. 1) is largely conclusory and does not indicate how each Defendant is allegedly personally involved. As such, Plaintiff will be ordered to amend his Complaint as set forth below.

**Personal Involvement**

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable

for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

## Retaliation

It is prohibited for prison officials to act against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as

claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

### Denial of Access to the Courts

A substantive right of access to the courts has long been recognized. *Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1 989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at 356. Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983"). Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

**Deliberate Indifference**

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Plaintiff shall, **within 21 days from the date of this Order**, amend his Complaint by:

(1) Stating facts showing retaliation, denial of access to the courts, and deliberate indifference to Plaintiff's serious medical needs, health, or safety; and

(2) Stating how each named defendant was personally involved.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on March 11, 2024.

*[Signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**