UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANDRE THOMAS**                                  **CIVIL ACTION**

**VERSUS**

                                                 **23-1541-BAJ-SDJ**

**SID J. GAUTREAUX, ET AL**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 1, 2024.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANDRE THOMAS**                                              **CIVIL ACTION**

**VERSUS**

                                                              **23-1541-BAJ-SDJ**

**SID J. GAUTREAUX, ET AL**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the East Baton Rouge Parish Prison, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Sid Gautreaux, Roderick Brown, Dennis Grimes, and E.B.R. Parish Prison Mail Department, complaining that his constitutional rights have been violated due to retaliation, denial of access to the courts, and deliberate indifference. Plaintiff requests monetary relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably

meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, Plaintiff alleges the following: At an unspecified time, the air conditioning where Plaintiff was housed was not working. Temperatures ranged from 102 degrees to 110 degrees. Defendant Gautreaux was aware that the air conditioning was broken and that inmates were suing him as a result. Defendant Gautreaux sent a representative to the prison to offer Plaintiff and other inmates $500.00 to not pursue the litigation. Plaintiff refused and was then continually moved around the prison to a worse area each time. In one such area, Plaintiff was subjected to mistreatment by gang members.

Plaintiff informed Defendant Grimes that he needed to be moved from the areas with no air conditioning because he suffered from congestive heart failure and felt he might die due to the heat. Defendant Grimes told Plaintiff, "You will be okay pops." Defendant Grimes was also aware that Plaintiff was being mistreated by the gangs but ignored Plaintiff's grievances and never responded to any Warden Reviews.

Plaintiff asked Defendant Grimes about eyecare and was told there was no money for such care. Following an emergency surgery, Plaintiff was forced to be housed in general population with a drain and fluid bulb attached to his back and with stitches in place.

On January 14, 2021, Plaintiff was placed in a prison transport van by Defendant Brown, who did not secure Plaintiff's wheelchair. Defendant Brown was speeding even though it was raining, which ultimately resulted in a wreck. Plaintiff's head, neck, and back were injured. Defendant Grimes knew Defendant Brown was not certified to drive the van.

Employees in the prison mail room are opening, reading, and censoring legal mail. The mail has clearly been tampered with as tape is used to reclose the envelopes.

### Duplicative Claims

An action may be dismissed as "malicious" if it "involve[s] a duplicative action arising from the same series of events and alleg[es] many of the same facts as an earlier suit[.]" *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *see also Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993). Such is the case with all but one of Thomas' claims.

On or about July 28, 2022, Plaintiff filed a Complaint (R. Doc. 1) in 22-cv-520 against Defendant Sid Gautreaux, Dennis Grimes, Correct Health Care, and Roderick Brown, regarding a wreck he was involved in while in a van driven by Defendant Brown and the medical care received following the wreck. Plaintiff was ordered to amend his Complaint and did so, but due to a delay in docketing, his action was mistakenly dismissed. The action was subsequently reinstated. Plaintiff then filed an Amended Complaint in 22-cv-520 and filed a new Complaint in 23-cv-1541.

In 22-cv-520, Plaintiff complains of the car accident, his subsequent medical care, being transferred to different and more dangerous areas of the prison, and mistreatment by the mail department. *See* R. Doc. 14 therein. In 23-1541, the instant matter, Plaintiff named Sid Gautreaux, Roderick Brown, Dennis Grimes, and E.B.R. Parish Prison Mail Department as Defendants. He complains of exposure to extreme temperatures, the same car accident, the same lack of medical care, and the handling of his mail by the mail department. *See* R. Doc. 5. As such, except for his

complaint regarding exposure to extreme temperatures, Plaintiff's claims are duplicative of those brought in 22-cv-520 and should be dismissed as malicious.

### Excessive Heat

Turning to Plaintiff's claim regarding exposure to extreme heat, Plaintiff alleges that, at an unspecified time and for an unspecified duration, the air conditioner where he was housed was not working. A new air conditioner was purchased, but in the meantime, temperatures ranged from 102 to 110 degrees. Plaintiff was offered $500 in exchange for not filing a suit regarding the lack of air conditioning. Plaintiff informed Defendant Grimes that he needed to be moved to another area of the prison because he suffers from congestive heart failure and felt that he might die due to the heat. Defendant Grimes told Plaintiff, "You will be okay Pops."

Although exposure to extreme heat is actionable under certain circumstances, Plaintiff's allegations in this case fall short of what is required to establish a constitutional violation, particularly in the absence of any evidence of harm or medical complication. For example, in *Johnson v. Texas Board of Criminal Justice*, 281 F. App'x. 319 (5th Cir. 2008), the United States Court of Appeal for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's claims, finding that his allegations regarding extreme heat were "not sufficient to state a constitutional claim" because although he alleged that temperatures were "sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times." *Id.* at 321. *See also Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition but where he "failed to present medical evidence of any significance" to support that assertion); *Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an

inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir. Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate").

In the instant matter, Plaintiff does not allege that he has suffered any heat related injuries. Nor does Plaintiff allege aggravation of his medical condition. Rather, Plaintiff alleges only a speculative assertion that he felt he might die due to the heat. As such, Plaintiff's allegations are not sufficient to state a constitutional claim.

## RECOMMENDATION

It is recommended that Plaintiff's claims be dismissed, with prejudice, as malicious and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on July 1, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."